UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGEL PEREZ-MARTINEZ, | ) |
| | ) CASE NO. C14-1123-RAJ-MAT |
| Petitioner, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| ERIC H. HOLDER, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. At the time he filed his petition, petitioner was detained at the Northwest Detention Center under a reinstated order of removal. In his petition, he argues that the original order of removal—and thus the reinstatement of that removal order—was obtained without due process of law. (*See* Dkt. 5.) He alleges that the provisions governing reinstatement of removal orders violate due process. (*See id.*) He further contends that he should be afforded a bond hearing. (*See id.*)

After filing his petition, petitioner was removed to Mexico. (Dkt. 11, Ex. A.) Consequently, respondent has moved to dismiss the petition as moot. (*See* Dkt. 11.)

REPORT AND RECOMMENDATION
PAGE -1

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). Where the court can no longer grant effective relief, it lacks jurisdiction and must dismiss the case as moot. *See, e.g.*, *Cox v. McCarthy*, 829 F.2d 800, 805 (9th Cir. 1987); *Enrico's, Inc. v. Rice*, 730 F.2d 1250, 1254 (9th Cir. 1984). A petitioner's removal after filing a habeas petition does not render the petitioner's claims moot if there is some remaining "collateral consequence" that may be redressed by success on the petition. *Abdala v. Immigration & Naturalization Serv.*, 488 F.3d 1061, 1063-64 (9th Cir. 2007).

In this case, petitioner's removal rendered his claims moot because there is no "collateral consequence" that may be redressed by success on the petition. The Court lacks jurisdiction over petitioner's claims related to his original order of removal, reinstatement of that order, and the provisions governing reinstatement of removal orders generally. *See Martinez v. Napolitano*, 704 F.3d 620, 622-23 (9th Cir. 2012); 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter."); 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."); *Singh v. Gonzales*, 499 F.3d 969, 978 (9th Cir. 2007); *Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011). In addition, a bond hearing is not an appropriate remedy given that petitioner is no longer in custody.

01  Based on the foregoing, the Court recommends that respondent's motion to dismiss
02  (Dkt. 11) be GRANTED, petitioner's habeas petition (Dkt. 5) be DENIED as moot, and this
03  matter be DISMISSED without prejudice.  A proposed order accompanies this Report and
04  Recommendation.
05  DATED this 29th day of September, 2014.

Mary Alice Theiler
Chief United States Magistrate Judge